```
PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorneys for Plaintiff:
STEVE WHITE

REBECCA HULL, Esq. (SBN 99802)
JONATHAN T. RODRIGUEZ, Esq. (SBN 165508)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Embarcadero Center, 16th Floor
San Francisco, CA 94111
(415) 781-7900

Attorneys for Defendants:
RICHARD C. CROCKETT, M.D., INC.;
CFT 2001 TRUST
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD C. CROCKET, M.D., INC.; CFT 2001 TRUST; and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C04-5094 SBA<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND ORDER** |

### **CONSENT DECREE AND ORDER**

1.  This consent decree consists of eleven pages. Plaintiff STEVE WHITE filed this action on December 1, 2004, to enforce provisions of the Americans with Disabilities Act of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-5094 SBA**          — 1 —

1  1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil
2  rights laws against Defendants, RICHARD C. CROCKETT, M.D.,
3  INC.; CFT 2001 TRUST; and DOES 1 through 25, Inclusive.
4  Plaintiff has alleged that Defendants RICHARD C. CROCKETT,
5  M.D., INC. and CFT 2001 TRUST violated Title III of the ADA and
6  sections 51, 52, 54.1, and 55 of the California Civil Code, and
7  sections 19955 *et seq.,* of the California Health and Safety
8  Code by failing to provide full and equal access to their
9  facilities at the medical building located at 22298 Main
10 Street, Hayward, California when plaintiff visited the subject
11 facility on May 17, 2003, December 16, 2003, and April 13,
12 2004.
13     2.   Defendants RICHARD C. CROCKETT, M.D., INC. and CFT
14 2001 TRUST ("Defendants") deny the allegations in the Complaint
15 and by entering into this Consent Decree and Order do not admit
16 liability to any of the allegations in Plaintiff's Complaint
17 filed in this action and do not admit that the modifications
18 agreed to are required under any law.  The parties hereby enter
19 into this Consent Decree and Order for the purpose of resolving
20 this lawsuit without the need for protracted litigation, and
21 without the admission of any liability.
22
23 **JURISDICTION:**
24     3.   The parties to this consent decree agree that the
25 Court has jurisdiction of this matter pursuant to 28 USC §1331
26 for violations of the Americans with Disabilities Act of 1990,
27 42 USC 12101 *et seq.* and pursuant to pendant jurisdiction for
28 violations of California Health & Safety Code §19955 *et seq.*,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-5094 SBA**       — 2 —

1  including §19959; Title 24 California Code of Regulations; and
2  California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.
3       4.   In order to avoid the costs, expense, and uncertainty
4  of protracted litigation, the parties to this consent decree
5  agree to entry of this Order to resolve all claims regarding
6  injunctive relief raised in the Complaint filed with this Court
7  on December 1, 2004.  Accordingly, they agree to the entry of
8  this Order without trial or further adjudication of any issues
9  of fact or law concerning plaintiff's claims for injunctive
10 relief.
11          WHEREFORE, the parties to this consent decree hereby
12 agree and stipulate to the Court's entry of this Consent Decree
13 and Order, which provides as follows:
14
15 **SETTLEMENT OF INJUNCTIVE RELIEF**:
16      5.   This Order shall be a full, complete, and final
17 disposition and settlement of Plaintiff's claims against
18 Defendants for injunctive relief that have arisen out of the
19 subject Complaint.  The parties agree that there has been no
20 admission or finding of liability or violation of the ADA
21 and/or California civil rights laws, and this Consent Decree
22 and Order should not be construed as such.
23      6.    The parties agree and stipulate that the corrective
24 work will be performed in compliance with the standards and
25 specifications for disabled access as set forth in the
26 California Code of Regulations, Title 24-2 and Americans with
27 Disabilities Act Accessibility Guidelines, unless other
28 standards are specifically agreed to in this Consent and Order:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-5094 SBA**           — 3 —

1     a)   <u>Remedial Measures</u>: The injunctive relief agreed upon
2  by the Parties is attached as **Attachment A** to this Consent
3  Decree, which is incorporated herein by reference as if fully
4  set forth in this document. Defendants agree to undertake all
5  remedial work set forth in **Attachment A**. As to those items
6  with one or more indicated alternative solutions, defendants
7  may comply by carrying out the alternative of their choice.
8     b)   <u>Timing of Injunctive Relief</u>: Defendants will submit
9  plans for all corrective work within 45 days of entry of this
10 consent decree and order by the court, will commence work
11 within 30 days of receiving approval from the building
12 department, and will complete work within 60 days of
13 commencement. In the event that unforeseen difficulties
14 prevent defendants from completing any of the agreed-upon
15 injunctive relief, defendants or their counsel will notify
16 plaintiff's counsel in writing within 30 days of discovering
17 the delay. Defendant or his counsel will notify plaintiff's
18 counsel when the corrective work is completed, and in any case
19 will provide a status report no later than 120 days from the
20 entry of this consent decree.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

23     7.   The parties have reached an agreement regarding
24 plaintiff's claims for damages, attorney fees, litigation
25 expenses and costs. These issues are the subject of a
26 settlement which was put on the record by Magistrate Judge
27 Joseph C. Spero on August 2, 2005.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-5094 SBA**           — 4 —

...

**ENTIRE CONSENT ORDER:**

8. This Consent Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief described herein.  This consent decree applies to plaintiff's claims for injunctive relief only and does not resolve plaintiff's claims for monetary damages, attorney's fees, litigation expenses and costs, which shall be the subject of further negotiation and/or litigation.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Order shall be binding on Plaintiff STEVE WHITE, Defendants, RICHARD C. CROCKETT, M.D., INC; CFT 2001 TRUST; and any successors in interest.  The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Order during the period of the Court's jurisdiction of this consent decree.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5094 SBA — 5 —

1  or all of them will incur, suffer, or experience some further
2  loss or damage with respect to the Lawsuit which are unknown or
3  unanticipated at the time this Consent Decree is signed.
4  Except for all obligations required in this Consent Decree, the
5  parties intend that this Consent Decree apply to all such
6  further loss with respect to the Lawsuit, except those caused
7  by the parties subsequent to the execution of this Consent
8  Decree. Therefore, except for all obligations required in this
9  Consent Decree, this Consent Decree shall apply to and cover
10 any and all claims, demands, actions and causes of action by
11 the parties to this Consent Decree with respect to the Lawsuit,
12 whether the same are known, unknown or hereafter discovered or
13 ascertained, and the provisions of Section 1542 of the
14 California Civil Code are hereby expressly waived.  Section
15 1542 provides as follows:
16     A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
17     CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT
18     THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
19     MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
20     DEBTOR.
21 This waiver applies to the injunctive relief aspects of this
22 action <u>only</u> and does not include resolution of plaintiff's
23 claims for damages, attorney fees, litigation expenses and
24 costs.
25     11.  Except for all obligations required in this Consent
26 Decree, and exclusive of the referenced continuing claim for
27 damages, statutory attorney fees, litigation expenses and
28 costs, each of the parties to this Consent Decree, on behalf of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-5094 SBA** — 6 —

1  each, their respective agents, representatives, predecessors,
2  successors, heirs, partners and assigns, releases and forever
3  discharges each other Party and all officers, directors,
4  shareholders, subsidiaries, joint venturers, stockholders,
5  partners, parent companies, employees, agents, attorneys,
6  insurance carriers, heirs, predecessors, and representatives of
7  each other Party, from all claims, demands, actions, and causes
8  of action of whatever kind or nature, presently known or
9  unknown, arising out of or in any way connected with the
10 Lawsuit.

**TERM OF THE CONSENT ORDER**:

13     12.  This Consent Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The parties agree and stipulate that any dispute which arises concerning this consent decree and order shall be submitted to a Magistrate Judge of the U.S. District Court, Northern District of California.

**SEVERABILITY**:

27     13.  If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-5094 SBA**         — 7 —

1  this Consent Decree and Order shall nonetheless remain in full
2  force and effect.
3
4  **SIGNATORIES BIND PARTIES**:
5      14.  Signatories on the behalf of the parties represent
6  that they are authorized to bind the parties to this Consent
7  Decree and Order.
8
9  Dated: September __, 2005
10
11                                    _____
                                      Plaintiff STEVE WHITE
12 Dated: September __, 2005
13
14                                    _____
                                      Defendant RICHARD C. CROCKETT,
                                      M.D., INC.
15
16 Dated: September __, 2005
17
18                                    _____
                                      Defendant CFT 2001 TRUST
19
20
21
22 APPROVED AS TO FORM:
23 Dated: September __, 2005      PAUL L. REIN
                                  PATRICIA BARBOSA
24                                JULIE A. MCLEAN
                                  LAW OFFICES OF PAUL L. REIN
25
26
27                                    _____
                                      Attorneys for Plaintiff
                                      STEVE WHITE
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-5094 SBA**         — 8 —

1  Dated: September __, 2005          REBECCA HULL
                                      JONATHAN T. RODRIGUEZ
2                                     SEDGWICK, DETERT, MORAN & ARNOLD

3
                                      _____
4                                     Attorneys for Defendants
                                      RICHARD C. CROCKETT, M.D., INC.;
5                                     CFT 2001 TRUST

6

7                                     **ORDER**

8  Pursuant to stipulation, and for good cause shown, **IT IS SO**

9  **ORDERED**.

10

11  Dated:  October 28, 2005           *Saundra B. Armstrong*
                                       Honorable Saundra B. Armstrong
12                                     United States District Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order: Case
No. C04-5094 SBA                                          — 9 —

**Attachment A to Consent Decree and Order**
**Steve White v. Richard C. Crockett, M.D., Inc., et al.**
**CASE NO. C04-5094 SBA**

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the action filed by Steve White on December 1, 2004 in the United States District Court, Case No. C04-5094 SBA.

The parties agree that the corrective work set forth in this Attachment A will be performed in compliance with the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order. Defendants further agree to maintain all of the following features in an accessible condition.

1. **Exterior Path of Travel:** Defendants will provide signage at the beginning of the inaccessible walkway (which includes a step), directing persons with disabilities to the accessible walkway.

2. **Front Entrance:** Defendants will adjust the push pressure of the front entry door to require no more than 8.5 pounds of pressure to open.

3. **Front Service Counter:** Defendants will provide a fold-out service counter or table which is no more than 34" above the finished floor. Defendants will install a buzzer or bell in the lobby no more than 34" above the finished floor with signage indicated that disabled patients can ring for assistance. Defendants will institute and maintain a policy requiring their employees to come out from behind the counter to assist any disabled patients, and will train all employees in this policy.

4. **Interior Doors:** Defendants will provide a minimum 30 ½" clear width opening at the following doors: the door between the front reception area and the back examination area of the office, the door into at least one patient examination room (the room used for disabled patients), and the door into the accessible restroom. This clear width may be achieved through the use of offset hinges. The designated "accessible" patient examination room shall have signage on the door indicating it to be the accessible exam room.

5. **Interior Path of Travel Overhanging Obstruction:** Defendants will remove the shelf projecting from the wall of the corridor in the examination area.

6. **Restrooms:** Defendants will provide one unisex accessible restroom according to the conceptual drawing prepared by plaintiff's consultant Karl Danz and attached hereto with the exception that the chase will be left in place, but the corner of the chase will be chamfered as much as possible, and the door will be a 42" door if possible; or in the alternative, defendants may provide an accessible unisex restroom according to plans of their own design if such plans provide equivalent or greater access than the plan provided by Karl Danz.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5094 SBA                    — 10 —



LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5094 SBA

— 11 —